# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO LAMAR JOHNSON, | ) |
| | ) Civil Action No. 16 - 1250 |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| BARBARA RICKARD and THE | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Alonzo Lamar Johnson ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his judgment of sentence of three (3) to six (6) years' imprisonment entered by the Court of Common Pleas of Allegheny County, Pennsylvania at CC No. 200804649 on July 13, 2010.[1] (ECF No. 6.) Petitioner's judgment of sentence stems from his conviction for escape, possession with the intent to deliver a controlled substance and possession of a controlled substance. (Resp't Ex. 1, ECF No. 13-1, pp.1-17; Resp't Ex. 1, ECF No. 13-1, pp.18-21.) For the following reasons the Petition will be dismissed for lack of jurisdiction.

### A. **Relevant Procedural History**

After he was sentenced, Petitioner filed a Notice of Appeal in the Superior Court of Pennsylvania, which was docketed at No. 1939 WDA 2010. (Resp't Ex. 9, ECF No. 13-2, pp.1-

---

[1] The docket sheet for Petitioner's criminal case is a matter of public record and available for public view at https://ujsportal.pacourts.us/

4.) In a Memorandum filed on April 13, 2012, the Superior Court affirmed Petitioner's judgment of sentence. (Resp't Ex. 14, ECF No. 13-3, pp.22-29.) Petitioner filed a Petition for Allowance of Appeal ("PAA") in the Supreme Court of Pennsylvania, which was docketed at No. 213 WAL 2012. (Resp't Ex. 15, ECF No. 13-4, pp.1-3; Resp't Ex. 16, ECF No. 13-4, pp.4-73.) The PAA was denied by the Supreme Court on September 13, 2012. (Resp't Ex. 18, ECF No. 13-4, p.75.) Petitioner did not file a Petition for Writ of Certiorari to the United States Supreme Court at the conclusion of his direct appeal. Accordingly, Petitioner's judgment of sentence became final on December 12, 2012, ninety days after the Pennsylvania Supreme Court denied his PAA and the time for filing a petition for review with the United States Supreme Court expired. *See* Sup. Ct. R. 13; 42 Pa. C.S.A. § 9545(b)(3).

Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") on September 17, 2012. (Resp't Ex. 19, ECF No. 13-5, pp.1-11.) The PCRA court appointed counsel who subsequently filed a "No Merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). (Resp't Ex. 20, ECF No. 13-5, pp.12-21.) However, after subsequently realizing that Petitioner's sentence was illegal because the trial court did not make a determination of his eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program at the time of sentencing, *see* 61 Pa. C.S. §§ 4501-4512, Petitioner's appointed counsel filed an Amended PCRA petition seeking a new sentencing hearing. (Resp't Ex. 21, ECF No. 13-5, pp.22-27.) On April 9, 2013, the PCRA court filed a written order (1) denying all PCRA issues except for the RRRI issue; (2) vacating the previous sentencing order and issuing a finding regarding the RRRI issue; specifically, that Petitioner was RRRI ineligible, and; (3) permitting appointed counsel to withdraw as Petitioner's counsel. (Resp't Ex. 26, ECF No. 13-5, p.56.) On April 25, 2013, the

PCRA court vacated its original sentence and re-imposed that sentence noting that Petitioner was not RRRI eligible.[2]  (Resp't Ex. 26, ECF No. 13-5, p.57.)

On May 1, 2013, Petitioner filed an appeal to the Superior Court, which was docketed at No. 840 WDA 2013.  (Resp't Ex. 27, ECF No. 13-6, pp.1-7.)  However, the court dismissed the appeal on May 2, 2014, for Petitioner's failure to file a brief.  (Resp't Ex. 30, ECF No. 13-6, p.19.)  On October 10, 2014, the Superior Court refused to reinstate Petitioner's appeal since it had no jurisdiction over that appeal, having already dismissed it.  (ECF No. 13-8, pp.8-9.)  On October 17, 2014, Petitioner filed in the trial court an Application to Reinstate the Appeal, which was denied on January 27, 2015.  (Resp't Ex. 31, ECF No. 13-7, pp.1-2; Resp't Ex. 33, ECF No. 13-7, p.15.)

On February 28, 2014, Petitioner filed a Motion for Reconsideration of the PCRA court's Opinion dated February 10, 2014, in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012).  (Resp't Ex. 42, ECF No. 13-9.)  This Motion was denied by the PCRA court on January 27, 2015. (Resp't Ex. 33, ECF No. 13-7, p.15.)

On January 14, 2015, Petitioner filed a Motion to Consider an Intervening Change in the Law, which the court treated as a PCRA petition.  (Resp't Ex. 32, ECF No. 13-7, pp.3-14.)  On January 27, 2015, the PCRA court issued an order denying the PCRA petition as untimely. (Resp't Ex. 33, ECF No. 13-7, p.15.)  Petitioner filed an appeal in the Superior Court, which was docketed at No. 385 WDA 2015.  (Resp't Ex. 34, ECF No. 13-8, pp.1-4.)  On February 19, 2016, the Superior Court issued a Memorandum affirming the PCRA court's order which found that Petitioner's PCRA petition was untimely filed and no exceptions to the PCRA's time

---

[2] The state courts did not consider this change to be a new sentence since it was the same sentence only noting that Petitioner was not RRRI eligible. (Resp't Ex. 35, ECF No. 13-8, p.12, FN 2.)

3

requirements applied. (Resp't Ex. 38, ECF No. 13-8, pp.64-73.) Petitioner filed a Petition for Leave to File a PAA Nunc Pro Tunc with the Pennsylvania Supreme Court, which was docketed at 50 WM 2016. (Resp't Ex. 39, ECF No. 13-8, pp.74-76.) His Petition was denied on June 10, 2016. (Resp't Ex. 41, ECF No. 13-8, p.80.)

For purposes of the prisoner mailbox rule, the instant Petition for Writ of Habeas Corpus was submitted for filing on August 15, 2016. (ECF No. 1-13.) It was filed by the Clerk on December 14, 2016, and an Answer to the Petition was filed on March 13, 2017. (ECF Nos. 6, 13.) On December 12, 2017, the parties were asked to brief the issue of jurisdiction. (ECF No. 20.) Respondents filed their response on December 21, 2017, and Petitioner filed his on January 9, 2018. (ECF Nos. 21, 22.)

### B. Discussion

Petitioner is no longer in custody for the judgment of sentence that he is challenging and therefore this Court does not have jurisdiction over his Petition. In this regard, 28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). *See also* id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

4

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted). *See also* Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)). The Court of Appeals for the Third Circuit also has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). *See also* Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court.") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

With respect to this case, Petitioner finished serving his sentence for the Allegheny County Court judgment he is challenging on July 13, 2016. However, he did not file his Petition for Writ of Habeas Corpus in this Court until August 15, 2016. At this point in time, Petitioner would have been serving only his sentence for his federal conviction out of this Court for drug related offenses. *See* United States v. Johnson, Criminal Docket No. 08-374-13 (W.D. Pa.). In his federal case, he was sentenced on July 30, 2013, to a term of imprisonment of "300 months with 15 months of the sentence imposed in this case to concurrently run with the undischarged term of imprisonment imposed at CC No. 200804649 in the Allegheny County Court of Pleas." Id. at ECF No. 957. Petitioner's federal case sentence did not disrupt Petitioner's state sentence since the Judge ordered it to run concurrently to the undischarged remainder of Petitioner's state

sentence. Accordingly, the Court will dismiss the Petition for lack of jurisdiction because Petitioner was not in custody for the judgment of sentence he is challenging at the time he filed his Petition.[3]

### C. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Moreover, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner was in custody pursuant to the judgment of sentence he is challenging at the time he filed his Petition in this case.

Dated: January 22, 2018.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

---

[3] The Court further notes that Petitioner was already incarcerated at FCI-McDowell when he filing his Petition, and not incarcerated in the Pennsylvania Department of Corrections.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO LAMAR JOHNSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BARBARA RICKARD and THE ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF PENNSYLVANIA, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 16 – 1250 <br><br> Magistrate Judge Lisa Pupo Lenihan |

## **ORDER**

**AND NOW**, this 22nd day of January, 2018, and for the reasons stated in this Court's Memorandum Opinion filed contemporaneously herewith,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 6) is dismissed for lack of jurisdiction

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Lisa Pupo Lenihan <br>
Lisa Pupo Lenihan <br>
United States Magistrate Judge

cc: Alonzo Lamar Johnson
#21857-039
FCI McDowell
Post Office Box 1009
Welch, WV 24801

Counsel for Respondents
(*Via CM/ECF Electronic Mail*)